UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

BRUCE BRENDAN RAVELLA,                                    No. 10-13528

                           Debtor(s).
_____/

PETER LAMONICA, et al.,

                           Plaintiff(s),

                      v.                                        A.P. No. 10-1183

BRUCE BRENDAN RAVELLA,

                           Defendant(s).
_____/

Memorandum After Trial
_____

       Prior to his Chapter 13 bankruptcy filing in 2010, debtor and defendant Bruce Ravella was a mortgage broker. In 2005, he arranged a loan to one Sramek for $450,000.00 to enable Sramek to purchase a lot and build a residence on it. Plaintiff Peter La Monica was a very sophisticated real estate investor who, along with his brother plaintiff Lawrence La Monica, agreed to fund more than half of the loan. La Monica had known Ravella for at least 15 years and had participated in loans arranged by Ravella for several years prior to 2005.

1

The facts, as the court finds them, are simple. Relying only on his successful investment history with Ravella, and asking no questions despite his high level of sophistication in real estate and investment matters, La Monica agreed, along with his brother, to fund a large portion of the loan. It went sour; there were delays in starting construction and the $190,000.00 withheld by Ravella and disbursed to pay the costs of construction turned out to be $64,000.00 short of the amount needed to complete construction. When Sramek defaulted, La Monica rejected Ravella's advice to work with Sramek. La Monica assumed control of the loan and foreclosed. He now claims that Ravella owes him and his brother more than $297,000.00 and that this debt is nondischargeable pursuant to § 523(a)(2) and § 523(a)(4) of the Bankruptcy Code.[1]

The fraud allegations are easily dispatched. The court finds that Ravella made no false statement to the La Monicas, nor did Ravella withhold any material fact from them with intent to defraud them. Accordingly, any debt owed by Ravella to the La Monicas cannot be nondischargeable pursuant to § 523(a)(2).

Ravella kept $190,000.00 of the loan proceeds in his trust account and disbursed them to Sramek to pay the costs of construction. If Ravella had misused or misapplied any of these funds, it would give rise to a nondischargeable debt pursuant to § 523(a)(4). However, the evidence established that all of the funds in the trust account were fully accounted for and used properly.

The remainder of the La Monicas' case is the argument that because Ravella was a broker he is liable to them for breach of fiduciary duty. While that might be the case under state law, it cannot be the basis for a nondischargeable debt under federal bankruptcy law.

State law concepts of fiduciary duty are generally inapplicable in dischargeability cases. *Ragsdale v. Haller,* 780 F.2d 794, 796 (9th Cir. 1986). A California real estate licensee does not meet the fiduciary capacity requirement of § 523(a)(4) solely based on his or her status as a real estate

---

[1] Prior to 2005, such debts were not excepted from discharge in Chapter 13 cases. This is the first case the court has had seeking a determination of nondischargeability in a Chapter 13 case.

2

licensee; general fiduciary obligations are not sufficient to fulfill the fiduciary capacity requirement of § 523(a)(4). *In re Honkanen,* 446 B.R. 373, 381 (9th Cir. BAP 2011). See especially *In re Niles,* 106 F.3d 1456, 1463 (9th Cir. 1997), in which the court found that debts incurred by a real estate broker were nondischargeable only to the extent he violated an express trust, and not to the extent his conduct was merely a breach of his state law fiduciary duties.

For the foregoing reasons, the court finds that plaintiffs have failed to establish that their claims against Ravella are nondischargeable. They shall accordingly take nothing by their complaint, which will be dismissed with prejudice. Ravella shall recover his costs of suit.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Ravella shall submit an appropriate form of judgment forthwith.

Dated: July 21, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge